268 F.3d 689 (9th Cir. 2001)
 DIANNE FOSTER; D. RAYMOND BEASLEY; HOWARD W. NEELY; MARK ALBRECHT; BARRY LEE PARKS; SUE ANN MCPHERSON; RICHARD DIGIACOMO; MARCIA A. HARTMAN, PLAINTIFFS-APPELLEES
v.
JOYCE C. MAHDESIAN; LIVERMORE EDUCATION ASSOCIATION; MOUNT DIABLO EDUCATION ASSOCIATION; FREMONT UNIFIED DISTRICT TEACHERS ASSOCIATION; UKIAH TEACHERS ASSOCIATION; NEW HAVEN UNIFIED SCHOOL DISTRICT; OAK GROVE EDUCATORS ASSOCIATION; EAST SIDE TEACHERS ASSOCIATION; ALAMEDA EDUCATION ASSOCIATION; LIVERMORE VALLEY JOINT UNIFIED SCHOOL DISTRICT; THE UKIAH UNIFIED SCHOOL DISTRICT; LOCAL UNION, DEFENDANTS,
AND
KIM LOGAN, SUPERINTENDENT; JOE COTO, SUPERINTENDENT EAST SIDE UNION HIGH SCHOOL DISTRICT; LORRAINE GARCY, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT, BOARD OF EDUCATION, LIVERMORE VALLEY JOINT SCHOOL DISTRICT; RUTH MCKENNA, IN HER OFFICIAL CAPACITY, SUPERINTENDENT, BOARD OF EDUCATION, NEW HAVEN UNIFIED SCHOOL DISTRICT, DEFENDANTS-APPELLANTS
 No. 00-15028
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted May 18, 2001
Filed October 15, 2001
As Amended November 5, 2001
 
 1
 [Copyrighted Material Omitted]
 
 
 2
 Stephen P. Berzon, Jeffrey B. Demain, Altshuler, Berzon, Nussbaum, Rubin & Demain, San Francisco, California, for the defendants-appellants.
 
 
 3
 Milton L. Chappell, Mark J. Beutler, Dylan B. Carp, National Right to Work Legal Defense Foundation, Inc., Springfield, Virginia, for the plaintiffs-appellees.
 
 
 4
 Appeal from the United States District Court for the Northern District of California; Charles A. Legge, District Judge, Presiding. D.C. No. CV-97-04433-CAL
 
 
 5
 Before: Hug, Jr. and T.G. Nelson, Circuit Judges, and Pregerson,* District Judge.
 
 Dean D. Pregerson, District Judge:
 
 6
 The question raised in this appeal is whether a public sector employer who deducts agency or "fair share" fees from a non-union employee's paycheck may be held liable when the local union fails to provide the employee with the financial disclosure required by Chicago Teachers Union Local No. 1 v. Hudson, 475 U.S. 292 (1996). Diane Foster and seven other nonunion public school teachers (collectively, "the plaintiffs") sued their local teachers unions and the superintendents of the school districts for which they worked ("the superintendents")[1] under 42 U.S.C. &#167 1983. The district court held that the financial disclosure provided by the unions was deficient under Hudson. Relevant to this appeal, the district court also held that the superintendents violated the plaintiffs' rights by withholding or collecting agency fees from the plaintiffs despite the union's flawed notice.[2] The district court had jurisdiction pursuant to 28 U.S.C 1331, 1343 and 42 U.S.C. 1983. We have jurisdiction pursuant to 28 U.S.C. 1292(a). We reverse and remand.
 
 I. BACKGROUND
 
 7
 Pursuant to California law and provisions in the collective bargaining agreements ("CBAs") governing their employment, the plaintiffs -who are not members of their local teachers union-are required to pay "agency " or "fair share" fees to those unions. See Cal. Gov't Code &#167 &#167 3502.5(a), 3540.1(i), 3546. These fees, which are designed to compensate the unions for the benefits that the plaintiffs receive from collective bargaining,[3] are automatically deducted from the plaintiffs' paychecks by their school district employers[4] and passed on to the unions.
 
 
 8
 Unions sometimes engage in activities unrelated to collective bargaining, such as contributing to political candidates and ideological causes. Agency fee payers,[5] such as the plaintiffs, may not be required to support such activities. They may only be charged a pro rata share of the union's expenditures on activities germane to representation.[6]
 
 
 9
 To ensure that agency fee payers are not required to pay fees in excess of those properly chargeable, they are afforded three procedural protections. First, agency fee payers are entitled to "an adequate explanation of the basis for the fee," which "include[s] the major categories of expenses, as well as verification by an independent auditor." Hudson, 475 U.S. at 307 n.18, 310.[7] This explanation is called a "Hudson notice." Second, unions must provide fee payers with "a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker." Id. at 310. Finally, unions must create "an escrow for the amounts reasonably in dispute while such challenges are pending." Id.
 
 
 10
 In this case, the unions failed to meet Hudson's first requirement: provision of an adequate notice. The plaintiffs sued not only the union, but also the superintendents. The plaintiffs claimed, and the district court held, that the superintendents have a legal duty to ensure that the union complies with the Hudson notice requirement before deducting any agency fees. The superintendents appeal.
 
 II. STANDARD OF REVIEW
 
 11
 We review a grant of summary judgment de novo. See Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir. 2000).
 
 III. DISCUSSION
 
 12
 The superintendents argue that, pursuant to Knight v. Kenai Peninsula Borough School District, 131 F.3d 807 (9th Cir. 1997), cert. denied sub nom. Anchorage Education Association v. Patterson, 524 U.S. 904 (1998), and Hudson, 475 U.S. 292, a duty to evaluate the sufficiency of the union's notice did not arise under the facts of this case. In Knight, this court determined that an employer may not be held liable for failing to examine a union's deficient notice before the notice is sent to employees. See Knight, 131 F.3d at 817. Although the Knight court recognized that a school district has some duty to ensure that its employees receive proper notice, that duty only arises "at the time the union seeks to take action against a nonmember for failure to pay the agency fee . . . ." Id. In other words, under Knight, "the school district cannot take adverse action against the nonmember employee without first ensuring that the nonmember's constitutional rights were not violated by [the union]." Id. (citing Tierney v. City of Toledo, 824 F.2d 1497, 1504 (6th Cir. 1987).
 
 
 13
 The district court held, and the plaintiffs argue, that the deduction of agency fees from the plaintiffs' salaries constitutes "adverse action" under Knight. We disagree. The "adverse action" contemplated by Knight must be more serious than the routine collection of fees despite a union's failure to provide a proper notice. In other words, the routine collection of agency fees does not trigger a duty on the part of the employer to ensure that every employee has received a proper Hudson notice.
 
 
 14
 In coming to the opposite conclusion, the district court relied on a portion of Knight, which, if read on its own, might well lead to the conclusion that the employer's deduction of fees without determining whether the union's notice was proper constitutes adverse action. Knight favorably cites a Sixth Circuit case, Tierney v. City of Toledo , 824 F.2d 1497 (6th Cir. 1987), in support of the proposition that an employer's duty to review the constitutionality of a union's procedures arises when the union seeks adverse action against an employee. Knight, 131 F.3d at 817. Tierney, in turn, states that "no union or employer may take any action to enforce a non-union member's duty to pay any dues, whether through a deduction from wages or payment from wages already paid, until a plan with procedures meeting the commands of. . . Hudson is established and operating." Tierney, 824 F.2d at 1504. This might lead one to the conclusion that deducting fees constitutes adverse action. There are two problems, however, with such a conclusion.
 
 
 15
 First, although Knight cites Tierney favorably in the portion described above, it does so immediately after criticizing the case in significant measure. Knight, 131 F.3d at 817. Tierney derived a duty for employers to ensure proper notice from a part of Hudson that addressed an employer's duty to ensure that a reasonably prompt decision by an impartial decisionmaker was available before taking adverse action. Id. Hudson mentioned no duty on the part of the employer associated with proper notice. Id. (citing Hudson, 475 U.S. at 307 n.18). The Knight court questioned the appropriateness of such an extension of the duty to the notice context. Thus, when read in toto, Knight calls into question Tierney's reasoning regarding an employer's duty to ensure adequate notice.
 
 
 16
 Second, when examined closely, Tierney itself does not stand for the proposition that employers must ensure that proper notice is given to each individual before fees are deducted. Tierney requires that a plan comporting with Hudson be in place before fees are deducted. Tierney, 824 F.2d at 1504. This is little more than Hudson requires. It is quite possible that, despite the existence of an appropriate plan meeting all the Hudson requirements, some individuals might not receive a proper notice in every instance. Such occurrences would not, even under Tierney, preclude the routine deduction of fees by the employer. They would merely be grounds for challenging the union's accounting. Thus, even if Tierney were binding precedent in this circuit, it would not control the outcome of this case. The plaintiffs do not argue that no plan was in place; they have merely demonstrated that they received an inadequate notice.
 
 
 17
 Although employers certainly owe nonunion member employees the general duty set forth in Hudson of ensuring that procedures exist "that minimize impingement and that facilitate a nonunion employee's ability to protect his rights," Hudson, 475 U.S. at 307 n.20, they owe no specific duty to employees to ensure that a proper Hudson notice is received by each employee before agency fees are deducted. Action more serious than the routine collection of fees is required before the duty discussed in Knight is triggered.[8]
 
 
 18
 Accordingly, we reverse and direct entry of summary judgment for the superintendents.
 
 
 19
 REVERSED.
 
 
 
 Notes:
 
 
 *
 Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.
 
 
 [1]
 The plaintiffs sued the superintendents in their official capacity.
 
 
 [2]
 By the time the district court granted summary judgment, only four of the eight original plaintiffs retained standing to pursue their claims. Accordingly, only four plaintiffs -Richard DiGiacomo, Diane Foster, Barry Lee Parks, and Mark Albrecht-are currently before this court.
 
 
 [3]
 In Abood v. Detroit Board of Education, 431 U.S. 209 (1977), the Supreme Court held that a public employer and the union serving as the employees' exclusive bargaining representative may, consistent with the First Amendment, agree to require those employees who choose not to become union members to pay an "agency fee" to the union "to finance expenditures by the Union for the purposes of collective bargaining, contract administration, and grievance adjustment." Id. at 225-26. This is because "Congress determined that it would promote peaceful labor relations to permit a union and an employer to conclude an agreement requiring employees who obtain the benefit of union representation to share its cost, and that legislative judgment was surely an allowable one." Id. at 219 (citing Railway Employees' Dept. v. Hanson, 351 U.S. 225, 235 (1956)).
 
 
 [4]
 The school districts may withhold agency fees from the plaintiffs' paychecks without the plaintiffs' authorization. See Cal. Ed. Code &#167 45061; Cumero v. Public Employment Relations Board, 778 P.2d 174 (Cal. 1989) (where nonmember of union chose not to pay service fee under organizational security arrangement, school district was entitled to deduct service fee from nonmember's paycheck, even before such deductions became expressly authorized by section 45061).
 
 
 [5]
 Nonunion teachers are called agency fee payers because they pay fees under the terms of their employers' agency shop agreements. In contrast, union teachers pay "membership dues."
 
 
 [6]
 Chargeable fees are comprised of"not only the direct costs of negotiating and administering a collective-bargaining contract and of settling grievances and disputes, but also the expenses of activities or undertakings normally or reasonably employed to implement or effectuate the duties of the union as exclusive representative of the employees in the bargaining unit." Ellis v. Brotherhood of Ry., Airline & S.S. Clerks, 466 U.S. 435, 448 (1984). Non-chargeable fees include those expenditures that "support or advance the union's political or ideological causes. " Prescott v. County of El Dorado, 177 F.3d 1102, 1106 (9th Cir. 1999), vacated, 528 U.S. 1111, reinstated, 204 F.3d 984 (9th Cir. 2000).
 
 
 [7]
 In Prescott, this court made "it clear that the financial statements accompanying the notice must be audited (not merely reviewed) in order to assure that the union has actually spent the amounts of money it claimed to have spent on the chargeable activities. " 177 F.3d at 1112 (emphasis in original) (internal quotations and citations omitted).
 
 
 [8]
 We note that when examined closely, the resolution of one of the plaintiffs' claims in Knight supports our holding. One of the eight plaintiffs involved in the Patterson case, which was one of the cases consolidated into the Knight appeal, authorized the deduction of agency fees from his pay when he received a letter from the union demanding payment or threatening discharge. Knight, 131 F.3d at 811. He subsequently sought to revoke the authorization, but the school district refused. The other seven plaintiffs successfully withheld payment of any fees. Id.
 Aware that the employer-defendant had deducted fees from one of the plaintiffs' paychecks against his wishes, the Knight court nevertheless held as to all plaintiffs, that the school district's duty to evaluate the sufficiency of the union's Hudson notice was not triggered. Implicit in that holding is the holding we reach today: that the non-consensual deduction of agency fees does not trigger a duty on the part of the school district to ensure that a proper Hudson notice was given by the union.