298 F.3d 844
 Steven PRESCOTT; Robert F. Berry; Cheryl L. Jones; Karen Pierce; Christine M. Turney, Plaintiffs-Appellants,
v.
COUNTY OF EL DORADO; Kathy Libicki; Local 1 El Dorado County Employees Association, Defendants-Appellees.
 No. 01-15913.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 2002.
 Filed August 1, 2002.
 
 Fred J. Hiestand, Sacramento, CA, for the defendants-appellees.
 Stacey Leyton, Altshuler, Berzon, Nussbaum, Rubin & Demain, San Francisco, CA, for the amicus.
 W. James Young, National Right to Work Legal Defense Foundation, Inc., Springfield, VA, for the plaintiffs-appellants.
 Appeal from the United States District Court for the Eastern District of California Lawrence K. Karlton, Chief Judge, Presiding. D.C. No. CV-95-01859-LKK.
 Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.
 OPINION
 SCHROEDER, Chief Judge.
 
 
 1
 This case was before us previously, when we held, inter alia, that the plaintiffs lacked standing to challenge an indemnification provision in a collective bargaining agreement. Prescott v. County of El Dorado, 177 F.3d 1102, 1112(9th Cir.1999) (Prescott I). That provision requires the union to hold the employer harmless from any liability arising out of the collection of agency fees from non-union members of the bargaining unit. Id. Plaintiffs are non-union members of an agency shop bargaining unit employed by defendant El Dorado County, California.
 
 
 2
 The Supreme Court vacated our decision and remanded for reconsideration of the standing issue in light of its decision in Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Prescott v. County of El Dorado, 528 U.S. 1111, 120 S.Ct. 929, 145 L.Ed.2d 807 (2000). We remanded in turn to the district court. Prescott v. County of El Dorado, 204 F.3d 984-85 (9th Cir.2000) (Prescott II) (reinstating the original opinion except as to standing and remanding to the district court).
 
 
 3
 We now review the district court's decision, on remand, that the plaintiffs lack standing to challenge the indemnification clause. We affirm, because there is no causal relationship between the indemnification agreement and the injury plaintiffs have suffered. The indemnification clause requires the union to defend and indemnify the employer against all claims arising out of the employer's collection of agency fees. The only cognizable injury the plaintiffs allege is that the union did not give them adequate notice of the basis of the fees. Chicago Teachers Union, Local No. 1 v. Hudson, 475 U.S. 292, 310, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986).
 
 
 4
 The facts and the background of the litigation are more fully explained in our earlier opinion. Prescott I, 177 F.3d at 1104-05. Plaintiffs sued in federal court alleging that the process by which the agency fees were deducted from their paychecks violated the standards enunciated by the Supreme Court in Hudson. They also challenged the validity, on public policy grounds, of the indemnification clause. Id. Only the plaintiffs' challenge to the indemnification clause remains at issue in this appeal. The indemnification clause provides:
 
 
 5
 Local 1 shall defend, indemnify and hold harmless, release and save the County and its agents and employees against any and all claims, demands, suits, orders, judgements or other forms of liability that shall arise out of or by reason of, action taken or not taken by the County under this Agreement. This includes but is not limited to the collection and procedures for collection of fair share fees and reasonable cost of County's attorney fees and costs along with reasonable cost of management preparations [sic] time as well.
 
 
 6
 Plaintiffs asked the district court to hold that the clause is contrary to public policy and therefore unenforceable. Plaintiffs did not show, however, that the clause itself has caused them any injury. The only injury they alleged was that the union failed to comply with the requirements of Hudson to provide notice of the basis of agency fees that plaintiffs must pay as members of an agency shop and to maintain an adequate portion of collected fees in escrow pending fee arbitration. See Prescott I, 177 F.3d at 1104-05.
 
 
 7
 In order to have standing, a plaintiff must establish an injury in fact, causation, and redressability. Laidlaw, 528 U.S. at 180-81, 120 S.Ct. 693. Plaintiffs maintain that there is a causal relationship between the Hudson injury and the indemnification clause. They contend that because the Hudson notice requirement is triggered by the collective bargaining agreement, and because the employer has stipulated that it would not have entered into the collective bargaining agreement unless it contained the indemnification clause, the indemnification clause is the legal cause of the inadequate Hudson notice.
 
 
 8
 The district court correctly ruled, however, that this causal relationship is too remote. The injury must be "fairly traceable to the challenged action of the defendant." Laidlaw, 528 U.S. at 180, 120 S.Ct. 693. It cannot be the result of the "independent action of some third party not before the court." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).) Plaintiffs' injury was not caused by the employer's entry into the collective bargaining agreement; it was caused by the union's inadequate notice of expenditures on which the agency fees were based. Indeed, in this circuit, the employer has no responsibility for ensuring the adequacy of the notice; that is the union's responsibility. Foster v. Mahdesian, 268 F.3d 689, 694 (9th Cir.2001); Knight v. Kenai Peninsula Borough Sch. Dist., 131 F.3d 807, 817 (9th Cir.1997). The challenged indemnification clause upon which the employer insisted caused neither the union to furnish, nor the plaintiffs to receive, inadequate notice.
 
 
 9
 In addition, and as a corollary, the district court also correctly held that the plaintiffs have not met the redressability requirement for standing. Redressability requires that it be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Laidlaw, 528 U.S. at 181, 120 S.Ct. 693. The remedy the plaintiffs seek, invalidation of the indemnification clause, does not compensate plaintiffs for past violations of Hudson, nor does it prevent future violations. Cf. Laidlaw, 528 U.S. at 185-86, 120 S.Ct. 693("a sanction that effectively abates that conduct and prevents its recurrence provides a form of redress").
 
 
 10
 Plaintiffs also contend that the district court failed to comply with our mandate to require the union to retain a larger percentage of agency fees in escrow. See Prescott I, 177 F.3d at 1111. After our prior remand, the district court entered an order requiring ten percent of collected fees to be held in escrow. This complied with our directive. The plaintiffs nevertheless complain that the order was not expressly embodied in the district court's order resolving the standing issue, its final order in the case. That order, however, explains that the court had already ordered the escrow, and that its order remained in full effect. The final judgment entered thus encompassed all the interlocutory rulings of the court, including the escrow order. See, e.g., City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 889 n. 1 (9th Cir.2001) (interlocutory orders merge into the final judgment and may be challenged in appeal from that judgment).
 
 
 11
 AFFIRMED.