Opinion by Judge HUG; Partial Concurrence and Partial Dissent by Judge CLIFTON-
HUG, Circuit Judge.
This case involves the issue of when an action brought under the Federal Tort Claims Act (“FTCA”) bars a later proceeding against the federal employees whose *1160 acts or omissions gave rise to the FTCA claims. We hold that the FTCA claims were dismissed for lack of jurisdiction and that the subsequent claims against the federal employees are not barred. We reverse the district court’s dismissal of the subsequent action on the ground of procedural bar and remand for consideration of the remaining issues in the case. This case also involves a request for recusal of the district judge; we affirm the denial of that request.
I.
Background
Pesnell long contended that he owned two million acres of land in California. His claim to title depended upon records dating back to the Mexican-American War. In 1998, the United States brought a quiet title action against Pesnell and others. In 1999, the district court entered judgment for the United States. That ruling extinguished Pesnell’s claims to title of the real property. United States v. Sierra Alpine, CV 98-585-ABC (C.D.Cal.1999).
In 2000, Pesnell brought an action against the United States and several federal agencies in the federal district court in Arizona. Pesnell v. United States, CV 00-0399-JCC (D.Ariz.2000) (“Pesnell /”). In that action, Pesnell brought claims pursuant to the FTCA, 28 U.S.C. § 1346(b)(1).[1] Pesnell based his basic contention on two incidents. The first incident involved research allegedly costing $150,000. He did considerable research to establish his claim to title to the two million acres. Pesnell loaned this research to federal agents in 1988. The agents promised to return the research, but never did. Pesnell, therefore, had to reconstruct the research. The second incident involved his reconstructed research, allegedly costing $200,000. Federal agents took this research in 1995. The federal district court dismissed all the claims, and this court affirmed in April 2003. Pesnell v. United States, 64 Fed.Appx. 73 (9th Cir.2003).
Pesnell filed the current federal action in September 2003 in the Central District of California against four government employees. Pesnell’s first amended complaint alleges four causes of action. The first is a federal civil Racketeer Influenced and Corrupt Organizations Act (“RICO”) claim, in violation of 18 U.S.C. § 1962(c); the second is a state civil RICO claim in violation of Arizona Revised Statute section 13-2314.04(A); the third is a Bivens[2] constitutional claim for the violation of Pesnell’s Fourth Amendment right by the defendants based on an unlawful search and seizure of Pesnell’s person and property; the fourth is a Bivens claim under the Fifth Amendment for the defendants having taken and kept his property without due process of law.
The district court granted the government’s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the FTCA’s judgment bar rule set forth in 28 U.S.C. § 2676. Pesnell appeals, contending that Pesnell I was dismissed for lack of jurisdiction, and thus it was not a judgment on the merits, as is required by the judgment bar rule.
II.
Judgment Bar Rule
The judgment bar rule of the FTCA provides: “The judgment in an action under section 1346(b) of this title shall consti *1161 tute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.” 28 U.S.C. § 2676. Pesnell does not contest that his Bivens claims arise out of the same subject matter as his FTCA claims.
The parties agree that for the judgment bar rule to apply the judgment must be on the merits, not based on lack of jurisdiction. The parties are correct. Where a court dismisses an action because it does not meet the requirements of the waiver of sovereign immunity under the FTCA, the court is ruling that the action was not properly brought under the FTCA. Thus, the only action the court can take is to dismiss the complaint. The action was not properly brought in the first place and therefore the court had no ability to render a judgment on the merits. A lack of subject matter jurisdiction “goes to the very power of a court to hear a controversy; ... [the] earlier case can be accorded no weight either as precedent or as law of the case.” Orff v. United States, 358 F.3d 1137, 1149-50 (9th Cir.2004) (quoting United States v. Troup, 821 F.2d 194, 197 (3d Cir.1987)). Thus, the dismissal of the earlier case does not result in a “judgment” within the meaning of the judgment bar rule of § 2676. The court in the earlier case merely ruled that the action was not properly brought under the FTCA.
III.
Subject Matter Jurisdiction of Pesnell I
We review de novo the existence of subject matter jurisdiction. Coyle v. P.T. Garuda Indonesia, 363 F.3d 979, 984 n. 7 (9th Cir.2004). In this appeal, we are required to determine whether our affirmance of the dismissal of the claims in Pesnell I was on the merits or for lack of jurisdiction. Pesnell brought five FTCA counts alleging unjust enrichment, constructive trust, conversation, negligence, and misrepresentation against the Government. He also brought claims for wrongful search and seizure and violation of due process under the Fourth, Fifth, and Fourteenth Amendments.
Specifically, we held Pesnell’s claims of unjust enrichment and constructive trust were “appropriately dismissed for lack of jurisdiction.” Pesnell, 64 Fed.Appx. at 74 (emphasis added). We also held that, because Pesnell failed to exhaust his administrative remedies with respect to his conversion and negligence claims, “[t]he district court therefore lacked jurisdiction to consider [his] prematurely filed claims.” Id. (emphasis added). We also upheld the dismissal of Pesnell’s misrepresentation claim as proper, noting that the FTCA “specifically exempts claims for misrepresentation from its waiver of sovereign immunity,” and therefore the dismissal was also based on lack of subject matter jurisdiction. Id. Additionally, we held that the FTCA does not include a waiver of sovereign immunity for constitutional tort claims. Id. Therefore, those claims were also dismissed for lack of jurisdiction. Thus, in Pesnell I, we affirmed the dismissal of all of Pesnell’s FTCA claims on grounds of lack of subject matter jurisdiction.
Because we conclude that the judgment in Pesnell I was based on lack of jurisdiction, the FTCA’s judgment bar rule does not preclude Pesnell from bringing his current Bivens and RICO claims arising out of the same subject matter. Similarly, this action is not barred by res judicata or collateral estoppel because each of these doctrines requires a final judgment on the merits. See Providence Health Plan v. McDowell, 385 F.3d 1168, 1174 (9th Cir. *1162 2004); Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir.2005).
A.
Response to the Dissent’s Argument on Jurisdiction
The dissent contends that our ruling is in conflict with Gasho v. United States, 39 F.3d 1420 (9th Cir.1994), in which we held that a prior judgment in an FTCA action did constitute a judgment bar under § 2676. Id. at 1437-38. The Gasho case is a complex one, in that it involved the appeals of two separate cases arising out of the seizure of an airplane and the arrest of its occupants. Id. at 1425. The first appeal in Gasho concerned whether the district court had erred in granting a summary judgment for the Government on claims arising from the arrest and seizure of the airplane. Id. at 1427. We reversed the district court’s summary judgment in favor of the Government for the claims arising from the arrest for lack of probable cause. Id. at 1432. We affirmed the summary judgment for the Government on the claims arising from the seizure of the aircraft. Id. at 1439.
In the second Gasho appeal, which involved a Bivens action, we held that a judgment for or against the Government in the first Gasho case precluded a later Bivens action. Id. at 1437. Because we reversed the judgment on the claims arising out of the arrest in the first appeal, there was no judgment to preclude a Bivens action in the second appeal. Id. at 1438. We held however, that the judgment for the Government arising from the aircraft seizure precluded a later Bivens action. Id.
A claim for the wrongful seizure of an aircraft is actionable under 28 U.S.C. § 1346(b)(1), unless the claim is excepted under 28 U.S.C. § 2680. This, however, requires a substantive factual determination, on the merits, of the nature of the tort; that is whether the alleged tortious act of the agent falls within the scope of activities exempted in § 2680. The opinion in Gasho interpreted § 2680
as requiring the United States to first demonstrate that the Customs or IRS agent’s tortious conduct falls within the scope of activities exempted in § 2680(c). If such a showing is made, the claim is barred. If the government fails to show that the tortious conduct is exempt, the plaintiffs claim is not barred, assuming the plaintiff demonstrates that an “investigative or law enforcement officer” committed the intentional tort.
Id. at 1433. The Gasho court then held that “the Government clearly met its burden” and that “[t]he actions of the Customs agents, the seizure and detention of the aircraft, are precisely the kinds of acts that Congress exempted from liability in § 2680(c).” Id. The court affirmed summary judgment for the Government. Id.
In Gasho, the court had to make a factual determination on the nature of the tort of unlawful seizure involved. That was a merits determination of the nature of the tort necessary before there could be an exclusion of the claim for lack of jurisdiction.
The dissent refers to the dismissal of the misrepresentation claim in Pesnell I as being the same as the judgment in Gasho’s seizure claim. The significant difference is that in Pesnell I, there was no jurisdiction to consider any “misrepresentation claim” whereas a “seizure claim” is not barred until a factual determination on the merits is made as to the nature of the claim.
All of the claims in Pesnell I were dismissed either expressly for lack of jurisdiction or because constitutional torts or claims for misrepresentation are not included in the waiver of sovereign immunity. There was no merits determination on *1163 the nature of the tort in Pesnell I, as was true for the seizure claim in Gasho.
IV.
Timeliness of the Bivens Claims
Because the California district court dismissed Pesnell’s claims on the basis of the judgment bar, it did not determine when the statute of limitations period accrued nor did it determine the applicability of equitable tolling or equitable estoppel. Either of those doctrines may extend the time for filing under the statute of limitations and involve determination of factual matters. For this reason, such determination is not ordinarily amenable to resolution under Rule 12(b)(6). “In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.” Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.1995). Therefore, this case must be remanded for a determination of timeliness.
We conclude that Pesnell I did not resolve the issue of timeliness. After concluding that all of the FTCA claims were dismissed for lack of jurisdiction the opinion in Pesnell I stated:
While Pesnell could be permitted to amend his complaint to bring his constitutional claims against individual government agents pursuant to Bivens v. Six Unknown Named Agents, ... any such claims would be barred by the two-year statute of limitations applicable to Bivens actions in Arizona.
64 Fed.Appx. at 75 (citations omitted).
The most significant aspect of this statement is that it pertains to Bivens claims that would be barred by the statute of limitations “in Arizona.” The only pertinence it could have to California is if it could be accorded some res judicata or collateral estoppel effect. This Bivens action is brought in the State of California. “Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim. In California, the statute of limitations could be either one or two years.[3] Tolling provisions for Bivens claims are also borrowed from the forum state.” Papa v. United States, 281 F.3d 1004, 1009 (9th Cir.2002). The issue for the California District Court on remand is whether an Arizona decision not to permit a plaintiff to amend his complaint to add a Bivens action against persons who were not parties to the FTCA action, and thus not parties before the court, is to be accorded res judicata status so. as to foreclose the statute of limitations determination in the California District Court. The issue of extending the Arizona statute of limitations by equitable tolling or equitable estoppel was not discussed or ruled on in the Pesnell I decision. The application of res judicata or collateral estoppel doctrines is further attenuated by the fact that Pesnell seeks to have the doctrines of equitable tolling and equitable estoppel applied *1164 in relation to the California statute of limitations.
Furthermore, the district court did not address the adequacy of the pleading for the federal and state RICO claims or the opportunity for the plaintiff to amend to resolve any deficiencies. The remand is also for the purpose of addressing the RICO claims.
y.
Motion for Recusal
In this case, Pesnell filed a Motion for Recusal alleging that Judge Collins displayed partiality because: (1) she would be a key witness regarding misrepresentations allegedly made by Assistant U.S. Attorney Donna Ford during the Sierra Alpine case; (2) Judge Collins’s clerk, acting at Judge Collins’s direction, instructed Pesnell to leave the courtroom “without apparent cause”; (3) Judge Collins issued Pesnell an order to show cause as to why his actions should not be dismissed for lack of prosecution; and (4) Judge Collins allegedly knew facts of Sierra Alpine from United States v. Emerald Financial, a case she presided over earlier.
 The denial of a recusal motion is reviewed for abuse of discretion. Jorgensen v. Cassiday, 320 F.3d 906, 911 (9th Cir.2003). Under 28 U.S.C. § 144, if “the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further -” Under 28 U.S.C. § 455(a), “Any ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.” Under both recusal statutes, the substantive standard is “ ‘[Wjhether a reasonable person with knowledge of all the facts would conclude that the judge’s impartiality might reasonably be questioned.’ ” United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986)).
In Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the Supreme Court held that the alleged bias must usually stem from an extrajudicial source. Id. at 554-56, 114 S.Ct. 1147. The Court held that:
First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.
Id. at 555, 114 S.Ct. 1147 (internal citations omitted). However, “expressions of impatience, dissatisfaction, annoyance, and even anger” are not grounds for establishing bias or impartiality, nor are a judge’s efforts at courtroom administration. Id. at 555-56, 114 S.Ct. 1147.
Judge Snyder, who presided over the recusal hearing, denied Pesnell’s motion for recusal finding that “plaintiff does not argue that the presiding judge should be disqualified based upon any bias developed outside a judicial proceeding” and thus did not meet the Liteky standard. *1165 Additionally, Judge Snyder found that Pesnell failed to “demonstrate any such ‘deep-seated favoritism that would make fair judgment impossible.’ ” Moreover, Judge Snyder found the contention that Judge Collins is “likely to be a material witness in the proceeding” under 28 U.S.C. § 455(b)(5)(iv) to be without merit because there is no showing that she would be required to be a witness as to any material fact in the action. The district court did not abuse its discretion in denying the recusal motion. Each party shall bear its own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. That case also involved a claim under the Freedom of Information Act. The district court dismissed that claim as moot, and it is not involved in this appeal.

. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

. On January 1, 2003, California's statute of limitations applicable to § 1983 actions changed from one-year to two-years. Cal.Civ. Proc.Code § 335.1. The statute is not retroactive. See Maldonado v. Harris, 370 F.3d 945, 954—55 (9th Cir.2004) (holding that under California law, the extension of the personal injury statute of limitations will not apply to claims already time-barred). But see Cal.Civ. Proc.Code § 335.1, statutory notes (c) & (d) (indicating that claims not already barred on September 10, 2002 would benefit from the extended statute of limitations). Which statute of limitations applies in Pesnell’s case is left for the district court to determine on remand, as is the question of whether the statute of limitations for Pesnell's claim is extended by the application of equitable tolling or equitable estoppel.