HEAVYHITTERS; et al., Plaintiffs—
Appellants,

v.

NIKE INCORPORATED; et al.,
Defendants—Appellees.

Heavyhitters; et al., Plaintiffs—
Appellants,

v.

Nike Incorporated; et al., Defendants—
Appellees.

Heavyhitters; et al., Plaintiffs—
Appellants,

v.

Nike Incorporated; et al., Defendants—
Appellees.

Heavyhitters; et al., Plaintiffs—
Appellants,

v.

Nike Incorporated; et al., Defendants—
Appellees.

Nos. 05–56083, 05–56182,
05–56421, 05–56599.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2007 *.

Filed Aug. 2, 2007.

---

\* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Leo James Terrell, Law Office of Leo James Terrell, Beverly Hills, CA, for Plaintiffs–Appellants.

Gregory Lawrence Evans, Esq., Milbank, Tweed, Hadley & McCloy LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KOZINSKI, KLEINFELD, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellants challenge a multitude of rulings made by the district court in four consolidated cases concerning Nike's refusal to contract with Heavyhitters. We affirm in part and dismiss in part.

1. Appellants claim that the district judge's rulings were motivated by bias, but nothing they point to in the record supports such an inference. Everything to which appellants direct our attention is not, under *Pesnell v. Arsenault* and *Liteky v. United States*, a valid basis for such a claim:

> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. However, 'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." [1]

2. Appellants point to no evidence in the record cognizable under Federal Rule of Civil Procedure 56(c) to show intentional racial discrimination.[2] The record shows, without a genuine issue, that Parnell was not qualified for a Nike deal-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *Pesnell v. Arsenault*, 490 F.3d 1158, 1164 (9th Cir.2007) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

2. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 518–19, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

ership because he sold Nike products without authorization even after he knew that he was not supposed to do so. In addition, he had no prior retail experience, and (at least initially) located his store in an area where Nike already had all of the dealers it wanted.

3. Because we conclude, as a matter of law, that no intentional racial discrimination was shown, the intentional infliction of emotional distress claim also cannot survive summary judgment.

 4. The district court did not abuse its discretion in sanctioning appellants' counsel's knowing and willful defiance of the protective order that the appellants had agreed to and the court had issued. To the extent the appellants are correct that a decision to sanction must be explained in writing, the district court did so. In its September 9, 2005 order regarding the appropriate amount of sanctions, it described the sanctionable conduct and explained the basis for the sanction imposed.

5. The district court did not abuse its discretion in calculating the appropriate sanction—approximately $20,000 in attorney's fees. Federal Rule of Civil Procedure 37(b)(2) authorizes as a possible sanction payment of "the reasonable expenses, including attorney's fees, caused by the failure [to obey a court order]." The district court's explanation of its calculation of the appropriate attorney's fee in this case was sufficient, and the calculation itself was reasonable.[3]

 6. Appellants failed to timely appeal the dismissal with prejudice of all claims against Defendant Ferrer, and we thus lack jurisdiction over this part of the appeal.[4] Under the Federal Rules of Appellate Procedure, appellants should have filed their notice of appeal within thirty days of the order dismissing the claims.[5] But they did not file until approximately three months after the order.

 7. Similarly, because appellants did not file a notice of appeal on the denial of the motion to remand until after Nike's summary judgment motion, they effectively waived their challenge to the district court's remand ruling:

"When a remand motion is denied and the case is tried on the merits, the issue is whether the district court would have had jurisdiction had the case been filed in federal court "in the posture it had at the time of the entry of the final judgment." If at the time when the final judgment is entered only diverse parties remain, the fact that at an earlier point there were non-diverse [parties] is irrelevant."[6]

8. Appellants raise additional challenges to the district court's rulings, which lack merit.

AFFIRMED IN PART; DISMISSED IN PART.

---

**3.** *Cf. Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir.1993) ("We have interpreted the *Hensley* [*v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)] 'concise but clear' language as requiring the district court to give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review."); *id.* ("The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, we defer to its determination, including its decision regarding the reasonableness of the hours claimed by the prevailing party.")

**4.** *See* Fed. R.App. P. 3(a)(1), (2).

**5.** Fed. R.App. P. 4(a)(1)(A).

**6.** *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1338 (9th Cir.1987) (citation omitted).