**Danny Montana GUERRA, Plaintiff—Appellant,**

v.

**D. PARAMO; et al., Defendants— Appellees.**

No. 06–55039.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007 *.

Filed Oct. 18, 2007.

Danny Montana Guerra, CALSP—Calipatria State Prison, Calipatria, CA, pro se.

Philip J. Lindsay, DAG, AGCA—Office of the California Attorney General, San Diego, CA, Defendants–Appellees.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Danny Montana Guerra, a California state inmate at Calipatria State Prsion, appeals from a jury verdict in favor of prison officials in his 42 U.S.C. § 1983 suit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court had jurisdiction to grant the defendants' request to late-designate an expert witness. "[A]s long as a district court has jurisdiction over the

case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir.2001) (quotations omitted). The "law of the case" doctrine is "wholly inapposite to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction.... All rulings of a trial court are subject to revision at any time before the entry of judgment." *United States v. Smith*, 389 F.3d 944, 949 (9th Cir.2004) (quotations and emphasis omitted). The district court could grant the request to reconsider even if untimely filed, as a local rule of civil procedure does not replace the district court's authority to reconsider its orders prior to judgment. *See Baykeeper*, 254 F.3d at 887.

The district court did not abuse its discretion in granting the motion. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir.2004). This standard defers to the district court's need for authority to manage the cases before it. *See Wong v. Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005). "Deadlines must not be enforced mindlessly, of course. Sometimes there may be good reason to permit an identification of additional witnesses after the established deadline." *Id.* These reasons may include whether the need for the witness was reasonably anticipated at the outset. *See id.* The district court was within its discretion to allow defendants to designate a forgery expert after it became clear that some of Guerra's evidence may have been forged. We also note that Guerra was not "ambushed" at trial. He had nearly two months to designate his own expert witness, and trial did not begin for another five months.

Finally, the district court did not abuse its discretion in denying Guerra's motion to disqualify Magistrate Judge Lewis. Under the two recusal statutes, 28 U.S.C. §§ 144 and 455, the substantive question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 490 F.3d 1158, 1164 (9th Cir.2007) (quotations omitted). "[T]he alleged bias must usually stem from an extrajudicial source.... [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* (quotations and alterations omitted). Because Guerra did not point to any extrajudicial cause for the alleged bias, the district court was within its discretion to deny the motion as legally insufficient. AFFIRMED.