Robert K. and Carol H. HEINZ, et al.,
Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 84–7727 to 7732, 84–7734 to 7753, 84–7764 to 7765, 84–7796, 84–7839, 84–7852, 85–7019 to 7020, 85–7100, 85–7116, 85–7119, 85–7157 and 7158.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted
Aug. 14, 1985.
Decided Sept. 9, 1985.

William K. Hogan, Mill Valley, Cal., George MacVogelei, Corte Madera, Cal., for petitioners-appellants.

Bruce Ellisen, U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before NORRIS and REINHARDT, Circuit Judges, and McNICHOLS, District Judge [*].

## PER CURIAM:

The thirty-eight taxpayers whose appeals are consolidated in this matter are limited partners of five California limited partnerships, all formed on October 28, 1976, with the stated purpose of leasing property and mining for coal. On the same day the partnerships were formed, they in turn formed a joint venture. The joint venture entered into a contract with Boone Powellton Coal Company to execute mineral subleases to certain West Virginia property leased by the coal company. Each of the partnerships chose the accrual method of accounting and the calendar year as its tax year. Each reported advanced royalty losses for 1976. The taxpayers claimed deductions for their distributive shares of the partnership advanced royalty losses for that year.

The Commissioner disallowed the taxpayers' advanced royalties deductions and the taxpayers petitioned the Tax Court for redetermination of their deficiencies.[1] On July 15, 1983, the Commissioner filed a motion for partial summary judgment. The motion addressed two issues:

1. That because petitioners were not members of the respective partnerships prior to October 29, 1976, 26 C.F.R. Section 1.612–3(b)(3), as amended by T.D. 7523, 1978–1 C.A. 192, applies to disallow deduction of advanced royalties except to the extent that the mineral product, with respect to which the royalties were paid or accrued, is sold during the taxable year.

2. That no loss accrued by the partnerships prior to the entry of the petitioners into their respective partnerships can be allocated to the petitioners, even if the obligation previously accrued was paid after the admission of the petitioners as new partners.

The parties stipulated or conceded all of the facts for the purpose of the summary judgment motion that were necessary to allow the court to decide these issues as a matter of law. During the pendency of the motion, the Tax Court decided *Elkins v. Commissioner*, 81 T.C. 669 (1983). In light of *Elkins*, the Tax Court required the parties to file simultaneous supplemental memoranda regarding the effect of that decision on the first issue in the Commissioner's motion. In his supplemental brief, the Commissioner argued for the first time that the contract to lease was in fact illusory and not binding on the partnerships prior to October 29, 1976, although he had previously conceded this issue for the purpose of the summary judgment motion. The taxpayers were unaware that the Commissioner would raise the issue, and did not address it in their simultaneous supplemental brief.

The Tax Court granted the Commissioner summary judgment, on the ground that the sublease contract between the joint venture and the coal company was illusory because the parties to it were under "common control." *Gauntt v. Commissioner*, 82 T.C.

---

[*] The Honorable Ray McNichols, Senior United States District Judge for the District of Idaho, sitting by designation.

1. The taxpayers in this appeal either agreed to be bound by the court's decision in five consolidated lead cases or had decisions entered in their cases under that ruling.

96, 105 (1984). Accordingly, the court held that the contract was not binding prior to October 29 and that these taxpayers' deductions were governed by the amended regulation and properly disallowed.

On appeal, the taxpayers argue that the Tax Court erred by sua sponte treating the Commissioner's motion for partial summary judgment as a motion for summary judgment on an issue raised first by the Commissioner in the final round of simultaneous briefs and never briefed by the taxpayers.[2] We agree. Taxpayers were not given a "full and fair opportunity to ventilate the issues involved in the motion." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982).

Reversed and remanded for further proceedings not inconsistent with this opinion.

**2.** We review de novo the grant of summary judgment. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983).