254 F.3d 882 (9th Cir. 2001)
 CITY OF LOS ANGELES, HARBOR DIVISION, A MUNICIPAL CORPORATION, PETITIONER-APPELLANT, AND KAISER INTERNATIONAL, A CORPORATION, PETITIONER,
v.
SANTA MONICA BAYKEEPER, A NON- PROFIT CORPORATION; TERRY TAMMINEN, AN INDIVIDUAL, RESPONDENTS-APPELLEES.
 Nos. 00-55396, 00-55397
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted June 5, 2001
Filed June 26, 2001
 
 William L. Waterhouse (Argued and Briefed), Office of the Los Angeles City Attorney, San Pedro, California, for petitioner-appellant City of Los Angeles, Harbor Division.
 Steven A. Broiles (Argued and Briefed), Broiles & Timms, Llp, Los Angeles, California, for petitioner-appellant Kaiser International.
 Eric A. Amador (Argued and Briefed), Kimble, MacMichael & Upton, Fresno, California, for the respondents-appellees.
 Daniel G. Cooper (Appeared did not argue), Lawyers for Clean Water, San Francisco, California, for the respondents- appellees.
 Appeal from the United States District Court for the Central District of California Dean D. Pregerson, District Judge, Presiding D.C. No. CV-97-07761-DDP
 Before: Stephen S. Trott, A. Wallace Tashima, and William A. Fletcher, Circuit Judges.
 
 Trott, Circuit Judge
 Pasadena, California
 Opinion by Judge Trott
 OPINION
 OVERVIEW
 
 1
 This appeal concerns the validity of a recission order issued by the district court purporting to withdraw its previous order certifying an interlocutory appeal, and the effect the recission order has on our ability to hear this appeal. We conclude that the recission order was properly issued by the district court, and that we therefore lack jurisdiction to entertain the merits of this appeal.
 
 DISCUSSION
 1. Background
 
 2
 This case involves a citizen suit brought by Santa Monica BayKeeper and Terry Tamminen (collectively, "BayKeeper") against Kaiser International Corporation ("Kaiser") and the City of Los Angeles ("the City") for alleged violations of the Clean Water Act and Clean Air Act. BayKeeper is a not-for- profit public benefit corporation whose stated mission is to survey the environmental health of the Pacific Ocean, its bays and estuaries, and its surrounding watersheds in or near the Los Angeles Basin. In December of 1998, Kaiser and the City filed a motion seeking the dismissal of BayKeeper's suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Kaiser and the City argued, inter alia , that BayKeeper's allegations concerning Kaiser's operational violations were moot and that the district court lacked subject matter jurisdiction over the claims of insufficient cleanup because BayKeeper had failed to provide the 60-day pre- litigation notice required in such citizen suits by the Clean Water Act and Clean Air Act.
 
 
 3
 On October 4, 1999, District Judge William D. Keller issued an order denying in part Kaiser's and the City's motion, concluding that although BayKeeper's claim concerning Kaiser's "active discharges" was moot, BayKeeper's claim involving Kaiser's "passive discharges" was not. Judge Keller held also that BayKeeper had given an adequate 60- day notice of its allegations concerning passive discharges.
 
 
 4
 Kaiser and the City filed with the district court a request for certification of an interlocutory appeal with respect to Judge Keller's October 4 order, and submitted a proposed order certifying such an appeal. A hearing date was set for November 15, 1999. Prior to this scheduled hearing date, on October 28, 1999, Judge Keller signed and entered the proposed order prepared by Kaiser and the City. Unaware that the order had been entered, BayKeeper timely filed the next day papers opposing Kaiser's certification request.
 
 
 5
 Having received the requisite certification order from the district court, the City and Kaiser submitted separate petitions with the Ninth Circuit on November 5, 1999 and November 8, 1999, respectively, seeking certification of their proposed interlocutory appeals. On November 10, 1999, Judge Keller reversed course and issued an order explaining that it had considered the motions for certification submitted by Kaiser and the City and that the motions had been denied . On November 18, 1999, Judge Keller issued another minute order denying Kaiser's motion for reconsideration "for the reasons identified by the plaintiffs." This order was particularly puzzling given that no motion for reconsideration had been submitted by any of the parties. Upon realizing the inconsistency between his October 28 and November 10 orders, Judge Keller issued a final order on December 28, 1999, purporting to withdraw the October 28 certification order and denying Kaiser and the City certification to seek an interlocutory appeal. This case was subsequently transferred to District Judge Dean D. Pregerson on January 25, 2000.
 
 
 6
 Two months later, on February 29, 2000, we approved the petitions for interlocutory appeal submitted by Kaiser and the City, specifying three issues that could be addressed by the parties in their opening briefs:
 
 
 7
 (1) "[W]hether the 60-day notice and service prerequisites for a citizen suit under the Clean Water Act and Clean Air Act have been met";
 
 
 8
 (2) "[W]hether any claims not already rejected by the district court are moot"; and
 
 
 9
 (3) "[W]hether this court can exercise jurisdiction under 28 U.S.C. §§ 1292(b)".
 
 
 10
 Kaiser filed also a petition for writ of mandamus challenging the district court's order denying the motion to dismiss, which we dismissed on February 29, 2000.
 
 2. Jurisdiction
 
 11
 Our initial duty is to determine whether we have jurisdiction to hear this appeal. See United States v. Houser, 804 F.2d 565, 568 (9th Cir. 1986) ("[I]t is the duty of of [sic] this court to dismiss whenever it becomes apparent that we lack jurisdiction." (internal quotations omitted)). To resolve this issue, we must look to 28 U.S.C. §§ 1292(b), which sets forth the procedural requirements for bringing an interlocutory appeal. "Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 n.10 (1996) (emphasis added). Thus, a party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal.
 
 
 12
 Here, the parties disagree as to whether Kaiser and the City obtained the requisite certification from the district court to bring this interlocutory appeal. BayKeeper maintains that Kaiser and the City did not, arguing that the district court properly withdrew its original certification order by issuing the December 28 recission order. Kaiser and the City counter that they did acquire the necessary certification from the district court because the December 28 recission order exceeded the scope of the district court's authority, thus leaving the original October 28 certification order intact. The viability of this appeal therefore hinges on whether the district court properly rescinded its October 28 certification order. As discussed below, we conclude that it did, and therefore that Kaiser and the City are precluded from bringing this interlocutory appeal.
 
 
 13
 a. The district court properly rescinded its October 28 certification order.
 
 
 14
 The general rule regarding the power of a district court to rescind an interlocutory order is as follows:"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981) (emphasis added); see also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59"); High Country Arts and Craft Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 635 (4th Cir. 1997) (same); Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (same).
 
 
 15
 The implementation of this rule requires us to determine when a district court is divested of its jurisdiction over an interlocutory order. The Supreme Court has concluded that jurisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar., 661 F.2d 119, 124 n.6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals."). Thus, the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal.
 
 
 16
 We must next ascertain when a notice of appeal with respect to an interlocutory order is deemed to have been "filed" with a court of appeals. The answer to this question is found in Rule 5(d)(2) of the Federal Rules of Appellate Procedure, which states that a notice of appeal for an interlocutory order is deemed to be filed upon the issuance of an order by a court of appeals permitting an appellant to bring an interlocutory appeal. FED. R. APP. P. 5(d)(2) ("A notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules."). A district court therefore retains jurisdiction over an interlocutory order -- and thus may reconsider, rescind, or modify such an order -- until a court of appeals grants a party permission to appeal.
 
 
 17
 Here, we did not issue an order granting Kaiser and the City permission to bring an interlocutory appeal -- and thus did not divest the district court of jurisdiction over the issues to be raised in the interlocutory appeal -- until February 29, 2000. Accordingly, the district court was free to exercise its "inherent procedural power" to rescind its October 28 certification order at any time prior to that date. Because the December 28, 1999 recission order was issued by the district court more than two months before we granted Kaiser and the City permission to appeal, the order did not exceed the scope of the court's authority. The October 28 certification order was therefore properly rescinded by the district court.
 
 
 18
 b. The arguments raised by Kaiser and the City challenging the district court's December 28 recission order lack merit.
 
 
 19
 Kaiser and the City raise several arguments in an attempt to undermine the validity of the district court's recission order. Specifically, they argue that: (1) the district court's December 28 recission order exceeded the authority granted to the court under the Federal Rules of Civil Procedure; (2) the district court erred in sua sponte rescinding the certification order without first affording both parties an opportunity to be heard on the issue; and (3) the district court's recission order violated the law of the case doctrine. All three claims lack merit.
 
 
 20
 i. The district court's power to rescind an interlocutory order is not grounded solely in the Federal Rules of Civil Procedure.
 
 
 21
 The City prefaces its attack on the validity of the district court's December 28 recission order by asserting that the "only specific authority" supporting a district court's ability to issue such an order is Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"). The City then devotes the remainder of its argument to undermining the applicability of Rule 60 to this case. The City's argument surrounding Rule 60 is built upon a false premise.
 
 
 22
 A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure. As explained by the Third Circuit in United States v. Jerry:
 
 
 23
 If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute. Nothing in the Rules limits the power of the court to correct mistakes made in its handling of a case so long as the court's jurisdiction continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.
 
 
 24
 487 F.2d 600, 604 (3d Cir. 1973) (internal citations and quotations omitted).
 
 
 25
 This conclusion finds support in our interpretation of the former Rule 60(b) of the Federal Rules of Civil Procedure. This rule permitted district courts to rescind both interlocutory and final orders entered against a party as a result of the party's mistake, inadvertence, or excusable neglect, but did not authorize the court to grant relief from an order entered because of the court's mistake. The question arising from this statute was whether Rule 60 provided an exhaustive description of a district court's power to rescind an interlocutory order, or whether a district court possessed additional powers derived from an alternative source enabling it to rescind an interlocutory order entered by reason of its own mistake. We adopted the latter of the two alternatives in Bucy v. Nevada Const. Co., holding:
 
 
 26
 Rule 60 does not affect, interfere with, or curtail the common-law power of the federal courts, but . . . the broad power, which was theirs by the common law , to deal with situations where . . . relief should be granted from manifest error, remained inherent in the courts.
 
 
 27
 The power to vacate judgments was conceded by the common law to all its courts. Within its proper limitations it is a power inherent in all courts of record and independent of statute. It may be exercised by the court either of its own motion or on motion or suggestion by a party or interested person.
 
 
 28
 125 F.2d 213, 217 (9th Cir. 1942) (emphasis added) (internal quotations omitted). Although Rule 60(b) has since changed, the lessons learned from our interpretation of it have not -- a district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure.
 
 
 29
 ii. The district court did not err by sua sponte entering its December 28 recission order without first requesting additional briefing from the parties.
 
 
 30
 Kaiser contends that the district court erred in sua sponte entering its December 28 recission order because the parties were deprived of a "full opportunity to address the issue." Kaiser asserts this claim in reliance on our holding in Heinz v. Comm'r of Internal Revenue, 770 F.2d 874 (9th Cir. 1985). Kaiser's reliance on Heinz is misplaced.
 
 
 31
 In Heinz, the Commissioner had moved for partial summary judgment in its claim against the taxpayers. Id. at 875. After the parties had submitted all briefs relating to the summary judgment motion, a new case was decided that potentially affected the motion. The court ordered the parties to file simultaneous supplemental memoranda discussing the effect of the new decision on the Commissioner's motion. Id. In his supplemental brief, the Commissioner exceeded the authorized scope of his supplemental memorandum by raising for the first time an argument that he had previously conceded for purposes of its partial summary judgment motion. Id. Because the supplemental memoranda were filed simultaneously, the taxpayers were unable to respond to the Commissioner's new allegation. The tax court later granted the Commissioner's motion for summary judgment in reliance on the tangential argument raised in the Commissioner's supplemental memorandum. Id.
 
 
 32
 The taxpayers appealed, arguing that "the Tax Court erred by sua sponte treating the Commissioner's motion for partial summary judgment as a motion for summary judgment on an issue raised first by the Commissioner in the final round of simultaneous briefs and never briefed by the taxpayers." Id. at 876 (emphasis added). We agreed with the taxpayers, holding that the district court erred in not permitting them to brief the issue upon which the court based its award of summary judgment. Id.
 
 
 33
 The instant case can be readily distinguished from Heinz. The district court here did not issue an order without first hearing from Kaiser. Kaiser was given the opportunity to, and in fact did, submit a thorough brief to the district court supporting its request for certification. Kaiser attempts to downplay the significance of this fact by arguing that it was deprived of the opportunity to be heard fully on this issue because after the district court issued its October 28 certification order, Kaiser elected not to file a response to BayKeeper's memorandum opposing certification. This argument is unavailing for two reasons. First, Kaiser was not prevented by the district court from responding to BayKeeper's memorandum; its decision not to submit a reply brief was entirely voluntary, albeit sensible. Second, even if Kaiser had been prevented from filing an additional brief in response to BayKeeper's memorandum, Kaiser cites no authority suggesting that this would constitute reversible error. In fact, the only case law from this circuit addressing this issue supports a contrary conclusion. See NLRB v. Eclipse Lumber Co. , 199 F.2d 684, 686 (9th Cir. 1952) ("The Company claims that it is a denial of due process not to give a mandatory right to file a reply brief. We know of no such requirement.").
 
 
 34
 iii. The district court's recission order did not violate the law of the case doctrine.
 
 
 35
 Both Kaiser and the City argue that the recission order issued by the district court violated the law of the case doctrine. They are mistaken.
 
 
 36
 The law of the case doctrine originated in the courts as a means of ensuring the efficient operation of court affairs. Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990). Specifically, this doctrine was designed to further the "principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided." Houser, 804 F.2d at 567. While courts are generally urged to adhere to this doctrine, it is "not an inexorable command." Hanna Boys Center v. Miller, 853 F.2d 682, 686 (9th Cir. 1988). That is, the doctrine "is discretionary, not mandatory " and is in no way "a limit on [a court's] power." Houser, 804 F.2d at 567.
 
 
 37
 Here, the law of the case doctrine is wholly inapposite. The doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order. Id. We clarified this point in Houser, stating:
 
 
 38
 The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. All rulings of a trial court are subject to revision at any time before the entry of judgment. A trial court may not, however, reconsider a question decided by an appellate court.
 
 
 39
 Id. (emphasis added) (internal quotations omitted). A contrary conclusion would be irreconcilable with the above-mentioned rule that "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon, 659 F.2d at 553; see also FED. R. CIV. P. 54(b) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").
 
 
 40
 Here, it was the district court itself, rather than an appellate court, that issued the October 28 certification order. More- over, as discussed previously, the district court possessed jurisdiction over the original certification order at the time it issued its December 28 recission order. Therefore, the district court did not violate the law of the case doctrine by rescinding its prior certification of the proposed interlocutory appeal.
 
 CONCLUSION
 
 41
 Because Kaiser and the City failed to acquire the requisite certification from the district court pursuant to 28 U.S.C. §§ 1292(b), we dismiss this interlocutory appeal for want of jurisdiction.[1]
 
 
 42
 DISMISSED.
 
 
 
 Notes:
 
 
 [1]
 While we intimate no position on the underlying merits of this case, we do note that our decision today does not preclude Kaiser and the City from again raising the underlying claims in this appeal once a final judgment has been entered by the district court. See Hook v. Ariz. Dep't of Corrections, 107 F.3d 1397, 1401 (9th Cir. 1997) ("A party does not lose the right to appeal an interlocutory order by not immediately appealing and waiting for the final judgment. The interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment." (citation and internal quotation marks omitted)). Furthermore, we recognize that by inappropriately granting Kaiser and the City permission to bring this interlocutory appeal, rather than immediately dismissing it for lack of jurisdiction, we have needlessly prolonged a final resolution of the merits of this case. Accordingly, should Kaiser and the City again appeal the merits of this matter, the Clerk of this court shall grant the appeal expedited scheduling priority.