# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1683

_____

In re:  Thomas M. Sendecky,                     *
                                                *
                        Debtor.                 *
                                                *
Floret, LLC; Michele Lea Eggert,                *
                                                *
            Plaintiffs-Appellants,              *
                                                *
                v.                              *
                                                *   Appeal from the United States
Thomas M. Sendecky,                             *   District Court for the
                                                *   District of Minnesota.
                     Defendant,                 *
                                                *
Thomas J. Sendecky; Gregory M.                  *
Hewitt; Hewitt Financial Services;              *
Fredrikson & Byron, P.A.; Rick                  *
Petry,                                          *
                                                *
            Defendants-Appellees.               *

_____

Submitted:  December 9, 2002

Filed:  January 6, 2003

_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Floret, LLC and Michele Lea Eggert appeal from a district court order affirming the bankruptcy court's dismissal of five of the six defendants from an adversary proceeding and the bankruptcy court's sanctioning of Floret's attorney. We affirm.

On June 5, 2001, a state court judgment for breach of contract was entered against Thomas M. Sendecky in the sum of $16,253.19. To collect on the judgment, Floret served Thomas M. Sendecky with garnishment papers on June 18, 2001. Seven days later, Thomas M. Sendecky filed for Chapter 7 bankruptcy.

Thereafter, Floret filed an adversary action against Thomas M. Sendecky and Thomas J. Sendecky, Gregory M. Hewitt, Hewitt Financial Services, Fredrikson & Byron PA, and Rick Petry seeking to prevent entry of the discharge pursuant to 11 U.S.C. § 727(c). The thrust of the complaint was that Thomas M. Sendecky lied on his petition for bankruptcy in an effort to avoid paying the debt that he owed Floret and that the other defendants had conspired with him in his efforts. The bankruptcy court dismissed the claims against all defendants save one with prejudice. It dismissed Floret's complaint against Thomas M. Sendecky without prejudice and granted leave to file an amended complaint within ten days. It also awarded Hewitt and Fredrikson & Byron their costs and fees in the sum of $3,535 pursuant to Federal Rules of Bankruptcy Procedure 9011.

Floret filed an appeal with the United States District Court for the District of Minnesota. The district court had difficulty discerning the basis of Floret's complaint. It stated:

> From what the Court can discern, Floret seems to allege that the Appellees had some obligation to come forward and tell the Bankruptcy Court that Thomas M. Sendecky did not owe them any money . . . . Floret also seems to suggest that Appellees somehow conspired with Thomas M. Sendecky to fabricate these false debts so that Thomas M.

Sendecky's petition for bankruptcy would be accepted and the debts owed to Floret would be discharged.

In re Sendecky, No. 01-42790, 2002 WL 341037, 1 (D. Minn. 2002). Floret also alleged that the bankruptcy court should have applied the theory of equitable subordination to its case, despite Floret's failure to mention equitable subordination in any of its prior briefs. The district court affirmed the bankruptcy court in all respects before Floret had an opportunity to file a reply brief.

Floret appeals to this court. He questions the decision of the district court to deny relief before Floret had an opportunity to file its reply brief and then argues that the appellees had a duty to tell the court what was or was not owed to them by Thomas M. Sendecky and that its claim against the other creditors should be considered a claim for equitable subordination. The district court held that none of the theories support the appellants' claim. We agree. It is clear from the complaint and the answers that no valid cause of action was stated against the appellees. These creditors may be appropriate witnesses in Floret's adversary proceeding, but they are not appropriate defendants. Moreover, as the district court pointed out, Floret's claim for equitable subordination must fail because there are no assets in the estate to distribute. In re Danbury Square Assocs., 153 B.R. 657, 661 (Bankr. S.D.N.Y. 1993). We find no error in the district court's decision to issue its opinion before Floret filed its reply brief. Floret has failed to demonstrate that it had any additional arguments that had not already been advanced in its opening brief, nor does Floret cite any case law that suggests that the district court's actions constitute reversible error. See City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2002).

The district court also held that the bankruptcy court did not abuse its discretion in awarding fees and costs to Hewitt and Fredrickson & Byron. We find no abuse of discretion in this award.

-3-

The order of the district court is affirmed in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.