**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2194
_____

ROBERT M. MUMMA, II,
Appellant

v.

PENNSY SUPPLY, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-01469)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2011
Before:  SLOVITER, SMITH and GREENBERG, Circuit Judges

(Opinion filed:  October 19, 2011)
_____

OPINION
_____

PER CURIAM

     Robert Mumma, II appeals from the District Court's orders

dismissing his complaint and declining to reconsider that ruling.  We will affirm.

I.

The parties are familiar with the background of this case. Briefly, Pennsy Supply, Inc. ("Pennsy") and Mumma are parties to a lease ("the Lease") through which Mumma serves as the landlord and Pennsy as the tenant of Fiddler's Elbow Quarry in Dauphin County, Pennsylvania. The Lease includes a broad arbitration clause, requiring that all disputes "in connection with any provision of" the Lease "shall be resolved only by arbitration." In February 2010, Mumma, through counsel, notified Pennsy of an alleged default, claiming that Pennsy had improperly calculated royalty payments under the Lease. Pennsy disputed the allegations. Thereafter, the parties, through counsel, appointed three arbitrators and set a date for arbitration. However, in July 2010, Mumma filed a complaint and confession of judgment in the United States District Court for the Middle District of Pennsylvania for the amount of money he sought in the arbitration and possession of the property.[1]

Pennsy filed several motions challenging the confessed judgment, including a motion seeking to have it stricken and a motion to dismiss the complaint in favor of arbitration. On October 1, 2010, the District Court vacated the confessed judgment and dismissed the complaint in favor of arbitration, determining that "the subject of this action is identical to the subject of the arbitration." It stated further that "because the

---

[1] Under Pennsylvania law, a judgment creditor may confess judgment and begin executing on the judgment debtor's assets unless and until the judgment debtor files a petition to open or strike the confessed judgment. See Pa. R. Civ. P. 2956.1; see generally F.D.I.C. v. Deglau, 207 F.3d 153 (3d Cir. 2000).

2

instant dispute . . . is brought pursuant to the lease, it must be arbitrated in accordance with the Lease's arbitration clause."

Mumma timely filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which the District Court denied on April 5, 2011. The District Court rejected Mumma's arguments that: (1) he was not required to arbitrate the dispute because Pennsy was not acting "expeditiously;" and (2) it was not authorized to vacate the confessed judgment without acting on a petition to strike or open.

Mumma, proceeding pro se,[2] appeals from the District Court's judgments.

II.

We have jurisdiction under 28 U.S.C. § 1291. Although we review the denial of reconsideration for abuse of discretion, we review underlying issues of law de novo. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Mumma's appeal from the denial of reconsideration brings up for review the underlying dismissal of his complaint in favor of arbitration, our review of which is plenary. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 680 (3d Cir. 2000).

Mumma's cause of action is governed by the Lease, which contains a comprehensive arbitration clause. Doubts about whether an arbitration clause applies to a particular dispute should be resolved in favor of coverage by the arbitration clause.

---

[2] We note that Mumma's counsel withdrew from the case after filing a brief in support of the appeal.

3

AT&T Tech., Inc. v. Comm'ns Workers of Am., 475 U.S. 643, 650 (1986); MedTronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir. 2001). The District Court determined that the dispute at issue, which involves royalty payments under the Lease, was covered by the arbitration clause. It thus properly dismissed Mumma's complaint in favor of arbitration. See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 86-87 (2000); Blair v. Scott Specialty Gases, 283 F.3d 595, 601-02 (3d Cir. 2002).

The District Court also appropriately vacated the confessed judgment. Mumma seems to argue that, because the Pennsylvania Rules of Civil Procedure require challenges to confessed judgments to be made in a petition to strike or open, the District Court was not authorized to vacate the confessed judgment as part of its grant of the motion to dismiss in favor of arbitration. Rather, Mumma believes that the District Court should have acted on the motion to strike, which he contends should have been assessed on its merits. This argument is without support, as the District Court acted within its discretion to vacate its own judgment at the same time it dismissed a pending civil case. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 886-87 (9th Cir. 2001) (explaining a district court's power, derived from common law and not curtailed by Federal Rule of Civil Procedure 60, over its own orders); U.S. v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) (same). Even had it been better practice for the District Court to rule on the motion to strike the confessed judgment, to the extent that this was an error, it was harmless.

Mumma's remaining arguments are meritless, and we will affirm the District Court's orders dismissing the complaint and denying Mumma's motion for reconsideration.