NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CION ADONIS PERALTA, | ) | No. 09-55907 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 2:05-cv-01937-JVS-PLA |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| T.C. DILLARD, Chief Dental | ) | |
| Officer; S. BROOKS, D.D.S. Staff | ) | |
| Dentist; J. FITTER, Chief Medical | ) | |
| Officer, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before:     FERNANDEZ and BERZON, Circuit Judges, and HERNANDEZ,[**] District Judge.

Cion Adonis Peralta appeals the district court's judgment as a matter of law

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

in favor of Dr. Thaddeus Dillard, the Chief Dental Officer at the California State Prison at Lancaster, and Dr. Junaid Fitter, the Chief Medical Officer at that facility. See Fed. R. Civ. P. 50(a). He also appeals the judgment following a jury verdict in favor of Dr. Sheldon Brooks, a staff dentist at that same facility.[1] We affirm.

(1) We have reviewed the record and agree with the district court that a reasonable juror would not have a legally sufficient evidentiary basis to find for Peralta[2] on his claims against Dr. Dillard and Dr. Fitter for deliberate indifference.[3] Both of those officials were supervisors, but that alone does not preclude their personal liability. See Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012); Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) abrogated in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Again, we have reviewed the record and we are unable to state the evidence would support a decision that either of the doctors,

---

[1]We address Peralta's claim against Dr. Brooks in an opinion filed this date.

[2]See Torres v. City of L.A., 548 F.3d 1197, 1205–06 (9th Cir. 2008).

[3]To prove a violation of the Eighth Amendment to the United States Constitution based on deliberate indifference to his medical needs, Peralta was required to show that he had a serious medical need and that "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994) (holding that an official cannot be held liable unless he "knows of and disregards an excessive risk to inmate health or safety").

2

who saw, at one point or another, the second level review claim regarding their subordinate Dr. Brooks, both knew and were deliberately indifferent to Peralta's needs, which were being ministered to by Dr. Brooks. We note, by the way, that in its verdict, the jury decided that Dr. Brooks himself was not deliberately indifferent;[4] that underscores and reinforces our conclusion that those doctors, who, at worst, failed to intervene in Dr. Brooks' treatment regime, were not themselves deliberately indifferent. See Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Jackson v. City of Bremerton, 268 F.3d 646, 653–54 (9th Cir. 2001).

(2)    Peralta also asserts that because the district court had earlier denied summary judgment to Dr. Dillard and Dr. Fitter, it was bound by the law of the case doctrine to deny the motion for judgment as a matter of law. We disagree. A district judge whose interlocutory determination has not been appealed has discretion to decline to follow that earlier decision at a later point in the case. See, e.g., Delta Sav. Bank v. United States, 265 F.3d 1017, 1027–28 (9th Cir. 2001); City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888–89 (9th Cir. 2001). Especially is that true where, as here, the evidence presented at trial went beyond that set forth in the rather asthenic presentation at summary judgment.

AFFIRMED.

---

[4]We note that, like Dr. Brooks, both tried to obtain more resources, but were denied relief by the higher authorities in Sacramento.

3

BERZON, Circuit Judge, dissenting in part:

I join in Part 2 of the majority's disposition. Because I disagree that no reasonable juror could find in favor of Peralta's claims against defendants Fitter and Dillard, I respectfully dissent as to Part 1.

**1.** For the reasons stated in my dissent from the published opinion, I would hold that the jury instruction as to defendant Brooks was improper. The jury's verdict in light of that instruction is therefore not a relevant consideration in determining defendants Fitter's and Dillard's liability.

**2.** Even given the instruction as to Brooks, a reasonable juror could have found that both Fitter and Dillard knew of and disregarded the serious dental needs of Lancaster prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012). The district court granted Fitter's and Dillard's Rule 50 motions on the ground that those defendants had no knowledge of Peralta's serious medical condition. But Fitter and Dillard could be liable regardless of whether they knew of Peralta's own serious medical needs. They need only be aware that "someone in [Peralta's] situation" — namely other Lancaster prisoners — had a "substantial risk of serious harm" in the absence of timely care. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1191 (9th Cir. 2002); *see also Farmer*, 511 U.S. at 843–44; *Redman v. Cnty. of San Diego*, 942 F.2d

1

1435, 1448 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer*, 511 U.S. at 837.

A reasonable juror could have found that through the Inmate Appeal system and complaints made by treating dentists, Fitter and Dillard were aware that patients with pressing health needs were placed on lengthy waiting lists. These defendants had the authority to make decisions regarding which prisoners were to receive medical treatment when — within the staffing and funding constraints of the prison — but nonetheless rubber stamped the decision to keep Peralta on the routine waiting list.

I therefore dissent from Part 1 of the majority's disposition and would reverse the district court's order granting these officials' Rule 50 motions.