**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50116 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00232-JLS-1 |
| v. | |
| JOSE TAVARES-HERNANDEZ, AKA Jose Hernandez, Jr., AKA Jose Taraves, AKA Jose H. Tavares, AKA Jose Hernandez Tavares, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 3, 2016[**]
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

Jose Tavares-Hernandez (Tavares) appeals from his conviction for violation

of 18 U.S.C. § 287. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court did not err in its construction of the hearsay rule and did not abuse its discretion in deciding to exclude the contested statements as hearsay. We assume, as Tavares urges, that statements third parties made to Tavares concerning the legality of the tax refund scheme may have been admissible as nonhearsay to show Tavares's state of mind. Thus, Tavares could have testified to those statements. However, Tavares attempted to introduce those statements through cross-examination of an IRS agent who interviewed him. Tavares's own out-of-court statements about what third parties told him, elicited from the agent, were hearsay.

Tavares argues that his own statements elicited from the agent were also admissible as nonhearsay state of mind evidence. He contends the statements show his "consciousness of innocence and lack of mens rea" because they demonstrate he cooperated "openly and fully" with the IRS's investigation. But Tavares's statements to the agent prove cooperation only if the information he provided was true. Therefore, Tavares's out-of-court statements about what third parties told him were relevant only if offered for their truth. *See* 2 McCormick on Evidence § 246 n.6 ("An argument that a statement is not offered for its truth is not tenable . . . if it is relevant only if true.").

**2.** The district court did not err in striking the contested hearsay the morning after it had been given. "[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)). The government had contemporaneously objected to some, but not all, of the hearsay-eliciting questions, and Tavares contends the government's request the following day to strike all of the testimony constituted impermissible "sandbagging." "[T]he contemporaneous-objection rule prevents a litigant from 'sandbagging' the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor." *Puckett v. United States*, 556 U.S. 129, 134 (2009) (some internal quotation marks omitted).

The government did not "sandbag" Tavares because it did not await the outcome of the case before raising the issue. Although the government did not object to every hearsay-eliciting question immediately after it was asked, "trial courts have broad discretion in making evidence rulings and handling late objections." *Jerden v. Amstutz*, 430 F.3d 1231, 1237 (9th Cir. 2005) (internal quotation marks omitted) (quoting *Home Indem. Co. v. Lane Powell Moss &*

*Miller*, 43 F.3d 1322, 1329 (9th Cir. 1995)). The district court did not abuse that discretion here.

Tavares also urges that the district court's formulation of its instruction to the jury to disregard the testimony was overly broad. We review for abuse of discretion, *Mueller v. Auker*, 700 F.3d 1180, 1193 (9th Cir. 2012), and hold that the district court did not abuse its discretion in formulating the instruction.

**3.** Tavares argues that the timing of the district court's ruling striking the testimony "prejudiced his right to freely choose whether to testify" because the contested statements were in evidence when Tavares had to decide overnight whether to testify, but were stricken the following morning. Neither *United States v. Bensimon*, 172 F.3d 1121 (9th Cir. 1999), nor *United States v. Gaskins*, 849 F.2d 454 (9th Cir. 1988), supports Tavares's argument.

On the same day the hearsay testimony was erroneously admitted, and before Tavares purportedly made his final decision not to testify, the district court informed Tavares of its view that the statements should have been excluded. The district court retroactively excluded the statements the very next morning, when the government's case was still ongoing. Before resting, the government put on another 75 pages worth of testimony and had additional discussions with the court.

This timing did not prejudice Tavares. He would not have known whether the statements came in through the investigating agent until the day before his scheduled trial testimony, so either he was prepared to testify in case the statements were excluded, or he had decided he was not going to testify regardless of whether they came in. And, while not dispositive, Tavares did not ask for a continuance to reconsider testifying in light of the district court's ruling.

**AFFIRMED.**