**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOX JOSEPH SALERNO, | No. 16-17336 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02250-ROS |
| v. | |
| JERRY DUNN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted March 27, 2019**

Before:     WALLACE, FARRIS, and TROTT, Circuit Judges.

Arizona state prisoner Fox Joseph Salerno appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims arising from his placement in solitary confinement.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Porter v. Cal. Dep't of Corr.*, 419

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 885, 891 (9th Cir. 2005). We affirm.

The district court properly granted summary judgment on Salerno's due process claim because Salerno failed to raise a genuine dispute of material fact as to whether his designation as a maximum security inmate and resulting placement or maintenance in solitary confinement was not supported by "some evidence." *See Toussaint v. McCarthy*, 801 F.2d 1080, 1104 (9th Cir. 1986) (segregation decisions, such as putting a prisoner into solitary confinement, only need to be supported by "some evidence"). Even though Salerno argues that the prison officials improperly considered his suspected gang member status in designating him as a maximum security inmate, he failed to raise a genuine dispute of material fact as to whether he would have not been classified as a maximum security inmate and placed in solitary confinement based on factors other than his suspected gang member designation.

The district court properly granted summary judgment on Salerno's claim that prison policies designating inmates suspected gang members violated Salerno's due process rights because Salerno failed to identify a protected liberty interest implicated by these policies. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship"); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (due

process procedural protections "adhere only when the disciplinary action implicates a protected liberty interest").

The district court properly focused the scope of this action on two classification decisions in 2009. Salerno alleged generally in the operative first amended complaint that his suspected gang member designation resulted in him being classified to and maintained in maximum security status for five years. In response to the district court's order requesting clarification regarding the scope of the action in preparation for trial, Salerno identified several orders over the course of five years which he contended took into account his suspected gang member status in maintaining his maximum security status. On the premise that Salerno only alleged that he was labelled a suspected gang member in retaliation for a protected activity that took place in 2009, the district court correctly ruled that only two orders from 2009 formed the basis for Salerno's action.

The district court did not abuse its discretion by vacating trial after it determined that the only issues before the court were issues of law. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (district court "possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient" (citation omitted)); *see also Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966) ("[T]he denial of a motion for a summary judgment because of

16-17336

unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing— that the case should go to trial"). Salerno's allegations that the district court "claimed to have been confused about the nature of the case" is untrue. The tortured journey of this case was caused entirely by Salerno's constantly changing claims and theories.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-17336