NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY TWYMAN, | No. 22-55978 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-04827-SVW-PD |
| v. | |
| NEW HAMPSHIRE BALL BEARINGS, INC.; NHBB, INC.; MINEBEA INTEC USA, INC.; MINEBEA MITSUMI, INC.; MINEBEAMITSUMI GROUP; MINEBEA COMPANY, LTD.; NMB TECHNOLOGIES CORPORATION; NMB USA, INC.; RUEBEN ESCOBAR; HOWARD SEVERSON; DOES, 1 to 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 5, 2023**
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Timothy Twyman appeals the district court's grant of summary judgment in favor of his former employer, New Hampshire Ball Bearings Inc. ("NHBB"), on his state law claims against NHBB for age and disability discrimination in violation of Cal. Gov't Code § 12940 ("FEHA"), retaliation in violation of FEHA and Cal Gov't Code § 12945.2(k)(1), failure to prevent discrimination in violation of FEHA, and wrongful termination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by *sua sponte* reconsidering its partial summary judgment order. Twyman argues that the district court erred by granting NHBB's untimely motion for reconsideration without first giving Twyman the opportunity to brief an opposition. But the record shows that NHBB "welcome[d]," but did not move for reconsideration. Instead, the district court reconsidered its partial summary judgment order *sua sponte*, which it had the power to do at any time under its inherent authority. *See* Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Because the district court acted on its own initiative, it was not required to request additional briefing from the parties. *Santa Monica Baykeeper*, 254 F.3d at 887–88.

2. The district court properly granted summary judgment in NHBB's favor on Twyman's claims for age and disability discrimination under FEHA because

2

Twyman failed to present a prima facie case of discrimination and failed to show that NHBB's reasons for terminating his at-will employment were pretextual. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354–56 (2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Twyman fails to show that his performance at NHBB was satisfactory in light of his extensive record of written and final warnings, negative performance reviews, and tardiness violations, which were documented soon after he joined NHBB and persisted throughout his employment.[1] *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1208 (9th Cir. 2008). Indeed, NHBB explicitly terminated Twyman for these reasons. Even if he could establish a prima facie discrimination case, Twyman failed to demonstrate that NHBB's legitimate reasons for terminating him were pretextual because he challenges only the factual bases underlying his written warnings and tardiness violations but does not argue that NHBB did not honestly believe its assessment of his performance. *King v. United Parcel Service*, 152 Cal. App. 4th

---

[1] Twyman also attempts to establish his prima facie case of age discrimination by offering direct evidence of NHBB's age discrimination in the form of his supervisors, Howard Severson and Ruben Escobar, references to him as the "old guy in the group," and inquiries about his intentions to retire. Similarly, Twyman argues that Escobar's emails expressing skepticism about his medical leave serves as direct evidence of disability discrimination. However, these "stray remarks" were not "egregious and bigoted insult[s]" or related to the decision to terminate Twyman's employment, and therefore, are not direct evidence of discrimination. *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1149 (9th Cir. 1997); *Merrick v. Farmer Ins. Group*, 892 F.2d 1434, 1438–39 (9th Cir. 1990).

426, 436 (2007) ("It is the employer's honest belief in the stated reasons for firing an employee and not the objective truth or falsity of the underlying facts that is at issue in a discrimination case.").

3. The district court correctly granted summary judgment for NHBB on Twyman's retaliation claims under FEHA and § 12945.2(k)(1) because he failed to show a causal link between his termination and any protected activity. *See Wilkin v. Cmty. Hosp. of the Monterey Peninsula*, 71 Cal. App. 5th 806, 827 (2021). Twyman contends that NHBB terminated him because he complained that he was experiencing age discrimination to Gerry Fay, NHBB's Vice President, and to Donna Marcin, NHBB's Human Resources Manager. But Twyman did not inform Fay that he was experiencing age discrimination, and thus Twyman's complaint to Fay cannot support a retaliation claim. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) ("[A]n employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct for the purposes of establishing a prima facie case of retaliation."). And Twyman fails to show a causal link between his complaints to Marcin and his termination because he was not terminated until roughly sixteen months after his last complaint to Marcin. *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (holding that a year-long gap between a protected activity and an adverse

4

employment action is "simply too long" to "give rise to an inference of causation").

Similarly, Twyman's claim that NHBB retaliated against him for requesting medical leave also fails. Twyman was terminated five months after he requested medical leave and four months after he returned from medical leave, undermining any inference of discrimination. *See id.* Although Escobar speculated that Twyman was improperly "taking advantage" of medical leave, Twyman was not disciplined or terminated for any reason associated with his leave. Thus, Escobar's statements do not establish that Twyman's termination was retaliatory. *See Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005). Assuming Twyman's retaliation claims could survive the prima facie stage, Twyman does not show that NHBB's legitimate, nonretaliatory reasons for terminating him were pretextual because NHBB "raised questions about [Twyman's] performance *before* he disclosed his symptoms, and the subsequent termination was based on those performance issues." *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 353 (2008).

4. The district court properly granted summary judgment in NHBB's favor as to Twyman's failure to prevent discrimination and wrongful termination claims. As the district court observed, Twyman's claim that NHBB failed to take all reasonable steps necessary to prevent discrimination from occurring at NHBB in violation of FEHA and Twyman's wrongful termination claim necessarily fail

5

because Twyman has not established a prima facie age or disability discrimination claim, and even if he had, he has not refuted NHBB's legitimate, nondiscriminatory reasons for terminating him. *Arteaga*, 163 Cal. App. 4th at 355 ("The wrongful termination claim is, after all, based on the FEHA's prohibition of physical disability discrimination. As a result, the wrongful termination claim fails for the same reasons as the FEHA claim.").

**AFFIRMED.**