NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY PAUL OLMOS,

　　　　Plaintiff-Appellant,

　v.

CHARLES L. RYAN; DAVID SHINN,
Director,

　　　　Defendants-Appellees.

No. 22-16804

D.C. No. 2:17-cv-03665-GMS

MEMORANDUM[*]

TIMOTHY PAUL OLMOS, named as
Timothy Olmos, on behalf of himself and all
others similarly situated,

　　　　Plaintiff-Appellant,

　v.

CHARLES L. RYAN, named as Charles
Ryan; et al.,

　　　　Defendants-Appellees.

No. 23-15892

D.C. No. 2:17-cv-03665-GMS

Appeals from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

---

　　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted June 18, 2025[]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Arizona state prisoner Timothy Paul Olmos appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging various claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Olmos's due process claim regarding compensation (Claim 3) and his access-to-courts claims (Claims 4 and 6) because Olmos failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (explaining that an access-to-courts claim requires a plaintiff to show that defendants' conduct caused an actual injury to a nonfrivolous legal claim).

The district court did not abuse its discretion in denying Olmos monetary sanctions under its inherent authority because the district court found that the record did not reveal bad faith and this finding was not clearly erroneous. *See*

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Jones v. Riot Hosp. Grp., LLC*, 95 F.4th 730, 734 (9th Cir. 2024) (setting forth standard of review); *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003) ("Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct."); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (explaining that the law of the case doctrine is "wholly inapposite" and "simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order").  Because the magistrate judge did not award Olmos sanctions under Federal Rule of Civil Procedure 37, we do not consider Olmos's contentions that he is entitled to monetary sanctions under that rule.

The district court denied Olmos's request to extend the deadline to file a bill of costs under Federal Rule of Civil Procedure 6(b)(1)(A).  However, the district court cited case law applying Rule 16, which focuses on the diligence of the moving party.  Under Rule 6, "requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (citation and internal quotation marks omitted) (setting forth the standard of review).  Because Olmos demonstrated good cause and the record does not reflect

3                                    22-16804 & 23-15892

that Olmos acted in bad faith or that an extension of time would prejudice defendants, we reverse the denial of the extension and remand for further proceedings on the bill of costs issue only.

We reject as without merit Olmos's contention that the district court improperly denied his requests for excerpts of record.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**