NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re VAN WELL NURSERY INC., MONSON FRUIT CO. INC., GORDON GOODWIN, SALLY GOODWIN,**
*Petitioners*

---

2025-131

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Washington in No. 2:20-cv-00181-SAB, Judge Stanley Allen Bastian.

---

**ON PETITION**

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

## O R D E R

Petitioners Van Well Nursery, Inc., Monson Fruit Co. Inc., and Gordon and Sally Goodwin seek a writ of mandamus directing the district court to reinstate its prior order granting Petitioners summary judgment of invalidity.  Her Majesty the Queen in Right of Canada, as Represented by the Minister of Agriculture and Agri Food ("AAFC") opposes the petition.  Petitioners reply.

AAFC sued Petitioners alleging their Glory cherry variety infringed AAFC's plant patent covering a cherry

variety called Staccato. AAFC also asserted non-patent claims. In November 2022, the district court granted summary judgment of invalidity of AAFC's patent claims based on a spreadsheet that purportedly showed the Staccato cherries on sale before the critical date. The parties later agreed to a bench trial on whether Glory was the same variety as Staccato and on the asserted non-patent claims.

But, in March 2025, before the trial, the court granted AAFC's motion to reconsider the summary judgment order. In doing so, it found Petitioners had falsely represented that the spreadsheet was accurate when the submitted document excluded the first ten rows demonstrating the sales were of a different variety of cherries. Having concluded that there were genuine issues of material fact regarding whether Staccato was sold before the critical date, the court vacated its prior ruling. Petitioners then filed this petition seeking to reinstate that decision.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for such relief, a petitioner must: (1) show that he has a clear and indisputable right to relief; (2) show he does not have any other adequate method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Petitioners have not met that demanding standard.

As to their primary challenge, Petitioners have not shown that the law of the case doctrine clearly and indisputably precluded the district court from reconsidering its summary judgment order. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (noting that doctrine is "wholly inapposite" to a "district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order"). Nor can we say that Petitioners lack

adequate alternative means to raise any specific challenge to the district court's findings or to raise its invalidity challenge such as in an ordinary appeal following final judgment.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 11, 2025
Date