**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORI PAM RUBIN, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, | No.   22-55620 |
| | D.C. No. 2:21-cv-09245-SVW-AFM |
| Petitioner-Appellee, | |
| v. | |
| | MEMORANDUM[*] |
| GRILL CONCEPTS SERVICES, INC., DBA The Daily Grill, | |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 9, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Grill Concepts Services, Inc. (Grill Concepts) appeals the district court's

order granting Regional Director Mori Rubin's (the Director) petition for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

temporary injunction under section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm.[1]

1.      Petitions for a temporary injunction are evaluated under the four-factor test set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and are reviewed for abuse of discretion. *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1186–87 (9th Cir. 2011). It was within the district court's discretion to conclude that all four factors favored injunctive relief.

a.      ***Likelihood of Success on the Merits*** – In light of the extensive record evidence that Grill Concepts refused to meaningfully negotiate with UNITE HERE Local 11 (the Union) for more than a year, the district court did not abuse its discretion in finding that the Director was likely to succeed on the charge that Grill Concepts had failed to bargain in good faith. Grill Concepts' arguments to the contrary lack merit.

First, the Union's charge was not untimely. As both sides agree, the six-month limitations period did not begin running until the Union had received "clear and unequivocal notice" that an unfair labor practice occurred. *See A & L Underground & Plumbers Local Union No. 8*, 302 NLRB 467, 468 (1991). The

---

[1] The Director urges us to dismiss this appeal as moot in light of the Board's December 16, 2022, decision and order. Because this dispute falls within the exception to mootness for matters that are "capable of repetition, but evading review," we deny the Director's motion. *See Hooks ex rel. NLRB v. Nexstar Broad., Inc.*, 54 F.4th 1101, 1112–13 (9th Cir. 2022).

clearest instances of Grill Concepts' refusal to bargain in good faith occurred during the six months leading up to the May 10, 2021, filing of the charge. Grill Concepts appeared at long-awaited negotiating sessions on December 11, 2020, and January 13, 2021, and refused to negotiate any terms with the Union. Although with the benefit of hindsight, Grill Concepts' conduct could be seen as an escalation of a broader pattern, it was within the district court's discretion to find that the Union did not receive clear and unequivocal notice of a lack of good faith bargaining until within the six-month limitations period.

Second, the circumstances of the COVID-19 pandemic did not justify Grill Concepts' failure to engage in any meaningful negotiations with the Union for more than a year. As the district court cogently explained, Grill Concepts "was free to adjust its bargaining position" in response to the pandemic, but it "was *not* free to simply stop bargaining altogether." *See Seaport Printing & Ad Specialties, Inc.*, 351 NLRB 1269, 1270 (2007) (holding that an employer who has faced an "economic exigency" must resume bargaining once there is "sufficient time" to do so). Likewise, Grill Concepts' bankruptcy filing did not relieve it of the obligation to bargain with the Union in good faith. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 534 (1984).

Third, Grill Concepts failed to establish with "objective evidence" that the Union no longer commands majority support. *See Frankl v. HTH Corp.*, 650 F.3d

3

1334, 1360 (9th Cir. 2011) (*Frankl I*). Grill Concepts relies on the affidavits of two Union leaders, but these affidavits do not show that any member of the bargaining unit—much less a majority of members—no longer supports the Union. Nor does the vague statement of Grill Concepts' representative that "[t]he Union has not been a topic of conversation for employees" constitute objective evidence that the Union lacks majority support. *See Frankl ex rel. NLRB v. HTH Corp.*, 693 F.3d 1051, 1060 (9th Cir. 2012) (*Frankl II*).

b. ***Likelihood of Irreparable Harm*** – The district court permissibly inferred that irreparable harm was likely to result from Grill Concepts' failure to bargain in good faith. *See Frankl I*, 650 F.3d at 1363 ("[A] finding of likelihood of success as to a . . . bad-faith bargaining violation in particular, along with permissible inferences regarding the likely effects of that violation, can demonstrate the likelihood of irreparable injury. . . ."). The inference drawn by the district court was supported by record evidence showing that employees were growing frustrated with the lack of progress in negotiations—potentially threatening Union support. *Cf. Hooks*, 54 F.4th at 1115–17 (reinforcing that a district court is permitted to infer irreparable harm from a failure to bargain in good faith, but holding that it is not *required* to do so when there is no evidence of such harm).

Grill Concepts' reliance on the Fourth Circuit's decision in *Henderson v.*

4

*Bluefield Hospital Co.*, 902 F.3d 432 (4th Cir. 2018), is misplaced. *Henderson*'s reasoning that irreparable harm generally cannot be inferred from a failure to bargain in good faith, *id.* at 440, is contrary to our precedent and thus unpersuasive, *see Frankl I*, 650 F.3d at 1363. Similarly, Grill Concepts' argument that there is a lesser risk of irreparable harm in the negotiation of a "first contract" finds no support in our case law. Indeed, the NLRB has taken the opposite view, noting that it is important to be "especially sensitive to claims that bargaining for a first contract has not been in good faith." *APT Med. Transp., Inc.*, 333 NLRB 760, 760 n.4 (2001). Finally, there is no merit to Grill Concepts' argument that the Union unduly delayed in filing a charge. *See Frankl I*, 650 F.3d at 1363–64.

c.      ***Balance of the Equities*** – The district court did not abuse its discretion in concluding that the balance of the equities favored an injunction. The district court correctly recognized that the likelihood of irreparable harm to the Union weighs considerably in favor of an injunction, while the risk of harm to Grill Concepts is minimal, because the injunction merely requires the company to adhere to its legal obligation to bargain in good faith. *See Small*, 661 F.3d at 1196.

d.      ***Public Interest*** – The district court correctly concluded that the public interest favored an injunction. *See Frankl I*, 650 F.3d at 1365 ("Ordinarily . . . when, as here, the Director makes a strong showing of likelihood of success and of

likelihood of irreparable harm, the Director will have established that preliminary relief is in the public interest.").

2. It was not an abuse of discretion for the district court to reconsider its earlier decision to deny injunctive relief. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) ("[A]ll rulings of a trial court are subject to revision at any time before the entry of judgment." (emphasis removed) (quoting *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986)). The court expressly warned the parties that it might reconsider its decision to deny an injunction if the Administrative Law Judge (ALJ) ruled in favor of the Director or if Grill Concepts continued to refuse to negotiate with the Union—both of which occurred.

Nor did the district court err by taking account of the ALJ decision. The district court did not blindly defer to the ALJ. Instead, the court appropriately looked to the ALJ decision as "a useful benchmark against which the Director's prospects of success may be weighed." *Small*, 661 F.3d at 1186 (quoting *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 288 (7th Cir. 2001)).

**AFFIRMED.**